1    UNITED STATES DISTRICT COURT

2    DISTRICT OF NEVADA

3

4    MITCHELL KEITH GOODRUM,                    Case No. 3:24-cv-00069-MMD-CSD

5                              Plaintiff,         ORDER

6         v.

7    NEW RIVER TOWNSHIP, *et al.*,

8                              Defendants.

9    **I.    DISCUSSION**

10        On October 24, 2024, the Court issued an order screening Plaintiff's civil rights

11   complaint under 28 U.S.C. § 1915A. (ECF No. 4.) The screening order dismissed

12   Plaintiff's claims without prejudice and with leave to amend. (*Id.* at 8-9.) However, the

13   Court noted that under *Heck v. Humphrey*, 512 U.S. 477 (1994) Plaintiff could only bring

14   his due process claim regarding his competence to stand trial if his conviction has already

15   been overturned. (*Id.* at 5-6.) The Court gave Plaintiff leave to amend his medical care

16   claim based on the vague allegations in the complaint, but the Court also noted that

17   Plaintiff's claim regarding his medical care may also be barred by *Heck*. (*Id.*)

18        Plaintiff has filed a motion requesting that this case be stayed while he pursues a

19   habeas corpus petition. (ECF No. 6.) Plaintiff states that he intends to file the petition by

20   January 30, 2025. (*Id.*) Plaintiff also requests an extension to file an amended complaint.

21   (*Id.*)

22        Based on Plaintiff's motion, it appears that Plaintiff's conviction has not yet been

23   overturned, and he wishes to stay this case while he seeks to overturn his conviction.

24   However, *Heck* states that when a plaintiff brings a complaint under 42 U.S.C. § 1983

25   that would necessarily imply the invalidity of his conviction, "the complaint **must be**

26   **dismissed** unless the plaintiff can demonstrate that the conviction or sentence has

27   already been invalidated." *Heck*, 512 U.S. at 487 (emphasis added). The Court's previous

28   screening order dismissed Plaintiff's claims, as *Heck* requires. Because *Heck* does not

provide for courts to stay cases while a Plaintiff seeks to overturn his conviction, Plaintiff's request for a stay is denied.

To the extent that Plaintiff has claims that are not barred by *Heck*, he may pursue them now. Plaintiff may only bring claims that implicate *Heck* after his conviction has been overturned. If Plaintiff believes that all of his claims in this case are barred by *Heck*, he may file a motion to voluntarily dismiss this case without prejudice and then pursue his claims after he overturns his conviction.

The Court grants plaintiff an extension until **March 10, 2025**, to file an amended complaint. Barring unusual circumstances, the Court does not anticipate granting another extension.

## II.    CONCLUSION

It is therefore ordered that Plaintiff's motion requesting a stay and an extension to file an amended complaint (ECF No. 6) is granted in part and denied in part. Plaintiff's request to stay this case is denied. Plaintiff' request for an extension is granted. Plaintiff shall file any amended complaint on or before **March 10, 2025**.

Pursuant to the Court's previous screening order, if Plaintiff fails to file an amended complaint by this extended deadline, this case will be subject to dismissal.

DATED: February 6, 2025

_____
UNITED STATES MAGISTRATE JUDGE